IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HOSEA CAIN, )
)
Plaintiff, )
)
v. ) CIVIL ACT. NO. 2:11cv363-CSC
) (WO)
HYUNDAI MOTOR )
MANUFACTURING ALABAMA LLC, )
)
Defendant. )

**MEMORANDUM OPINION**

Before the court is the motion for summary judgment (Doc. 16) filed by the Defendant, Hyundai Motor Manufacturing Alabama, LLC ("Hyundai"). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Having considered the motion and the submissions of the parties, the court finds that the motion for summary judgment is due to be granted.

**Standard of Review**

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986).[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine [dispute] of material fact." *Id.* at 323.

The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324. If the movant succeeds in demonstrating the absence of a material dispute of fact, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a genuine dispute material to the non-movant's case exists. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993). What is material is determined by the substantive law applicable to the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

---

[1] In *Celotex*, 477 U.S. at 324, the court stated:

> "[Where the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . . We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . . ."

Effective December 1, 2010, the language of Fed. R. Civ. P. 56(a) was amended. The word "dispute" replaced the word "issue" to "better . . . [reflect] the focus of a summary judgment determination." Fed. R. Civ. P. 56(a) Advisory Committee Comments.

A dispute of material fact "is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must present "affirmative evidence" of material factual conflicts to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir.1997); *Harris v. Ostrout*, 65 F.3d 912 (11th Cir.1995).

If there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there remains no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). With these principles of law in mind, the court will determine now whether summary judgment is appropriate and should be granted.

However, when a motion for summary judgment is decided on the basis of judicial estoppel, that decision lies within the trial court's discretion, and the court's findings of fact are reviewed only for clear error. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th

Cir. 2010).

**Facts and Procedural History**

On August 12, 2010, Hosea Cain filed a claim with the Equal Employment Opportunity Commisstion ("EEOC") alleging that his former employer, Hyundai, illegally discriminated on the basis of race and disability and retaliated against him for protesting the discrimination. (Doc. 1-1 ¶ 28; Doc. 18-3). On January 1, 2011, Cain received a Dismissal and Notice of Rights letter from the EEOC giving him permission to sue Hyundai. (Doc. 1-1 ¶ 28).

On March 30, 2011, Cain filed a complaint against Hyundai in the Circuit Court of Montgomery County, Alabama. (Doc. 1-1). The complaint included state law tort claims and federal statutory claims for employment discrimination and retaliation on the basis of race and disability. *Id*. Cain sought declaratory and injunctive relief, compensatory damages in the amount of $1,000,000.00, and punitive damages in the amount of $3,000,000.00. (Doc. 1-1 p. 12). The complaint was served on Hyundai on April 15, 2011.

On April 22, 2011, Cain filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Alabama. *In re Cain*, Case No. 11-31016 (M.D. Ala. 2011). Cain did not disclose the existence of his lawsuit against Hyundai in his bankruptcy petition or schedules and did not include it in his debtor's plan. *In re Cain*, Case No. 11-31016, Docs. 1& 14. In particular, on the Statement of Financial Affairs form Cain submitted to the bankruptcy court on April 22, 2011, Cain indicated "None" in response to

the instruction to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case." *In re Cain*, Case No. 11-31016, Doc. 1 p. 26 (emphasis in original). Cain signed the Statement of Financial Affairs under penalty of perjury. *Id*. p. 32.

On May11, 2011, Hyundai removed Cain's employment discrimination case to this court. (Doc. 1).

On July 15, 2011, the Bankruptcy Court for the Middle District of Alabama entered an order confirming Cain's Chapter 13 bankruptcy plan. *In re Cain*, Case No. 11-31016, Doc. 20.

On October 13, 2011, Hyundai filed a motion for summary judgment, arguing that Cain was judicially estopped from pursuing this case because he did not disclose it as an asset in his bankruptcy petition. (Doc. 16).

On October 26, 2011, Cain moved to amend his bankruptcy schedules to disclose this lawsuit as an asset of the estate. *In re Cain*, Case No. 11-31016, Doc. 25.

On October 28, 2011, in opposition to Hyundai's motion for summary judgment, Cain submitted, among other evidence, an affidavit stating: "Over the course of the bankruptcy I was never asked about any pending lawsuits that I may have. Because I was not asked I did not know I was supposed to tell anyone about the lawsuit that I have filed against Hyundai. . . . Any mistake on me or my [bankruptcy attorney's][2] part was certainly without knowing

[2] Cain's attorney in this case is not the same person as his bankruptcy attorney.

it and most certainly was amended when we found out. I never intended to do anything illegal in filing for bankruptcy I just had to because my finances were so bad." (Doc. 21-1 p. 2).

Cain also submitted an affidavit by his attorney in this case stating (Doc. 21-1 p. 10):

> I filed this lawsuit on Hosea Cain's behalf on March 30, 2011. I was unaware that he filed a subsequent bankruptcy [petition] until I received the Motion for Summary Judgment from the Defendant. I felt then it was my duty to inform the bankruptcy trustee . . . of this litigation.
>
> On October 24, 2011 I spoke with the bankruptcy trustee . . . and was informed that Hosea Cain was "likely" not asked about any pending lawsuits because he had filed a Chapter 13 bankruptcy, and was making timely payments to all of his creditors. He went on to advise that Hosea Cain should contact his bankruptcy attorney . . . and have her amend Hosea Cain's schedules to include the lawsuit against Hyundai. Hosea Cain informed me that he had spoken with [his bankruptcy attorney] and that she was amending his bankruptcy schedules to include this lawsuit.

(Doc. 21-1 p. 10).

On December 16, 2011, the Bankruptcy Court for the Middle District of Alabama granted Cain's motion to amend his bankruptcy schedules to disclose this lawsuit as an asset of the estate. *In re Cain*, Case No. 11-31016, Doc. 27.

**Discussion**

In its motion for summary judgment, Hyundai argues that Cain should be judicially estopped from pursuing this lawsuit because he did not initially disclose it as an asset in his bankruptcy proceeding. Judicial estoppel is "an equitable doctrine invoked at a court's discretion." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). "[T]he

Supreme Court [has] observed that 'the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle.'" *Burnes*, 291 F.3d at 1285 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (internal citations omitted)). Generally, however, judicial estoppel precludes a party from asserting a claim in a legal proceeding that is inconsistent with a position taken under oath by that party in a previous proceeding if the party succeeded in persuading a court to accept the earlier position, and if the inconsistencies are "shown to have been calculated to make a mockery of the judicial system." *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1296 (11th Cir. 2003) (quoting *Burnes*, 291 F.3d at 1284)). *Cf. New Hampshire*, 532 U.S. at 751 (enumerating "several factors [that] typically inform the decision whether to apply the doctrine" of judicial estoppel).

There is no debate that, on April 22, 2011, Cain submitted his Statement of Financial Affairs under oath to the bankruptcy court, and that he stated on the form that there were no "suits [or] administrative proceedings to which [he] *is or was* a party *within one year immediately preceding* the filing of [his] bankruptcy case." *In re Cain*, Case No. 11-31016, Doc. 1 pp. 26, 32 (emphasis added; original emphasis omitted). There is also no debate that this representation was false. At the time he signed the Statement of Financial Affairs, he was a party to this lawsuit. Cain filed a charge with the EEOC against Hyundai in August 2010, received a right-to-sue letter on January 1, 2011, and filed suit against Hyundai on March 30, 2011 – all within one year of the filing of his bankruptcy case. (Doc. 1-1 ¶ 28).

In addition, it is undisputed that the bankruptcy court accepted the representation when it confirmed Cain's bankruptcy plan on July 15, 2011. *In re Cain*, Case No. 11-31016, Doc. 20. Therefore, the issue here is Cain's intent. *Cf. Barger*, 348 F.3d at 1294 ("There is no debate that Barger submitted her Statement of Financial Affairs under oath to the bankruptcy court. Therefore, the issue here is intent.").

The Eleventh Circuit has repeatedly held that, absent other ameliorating circumstances, "the failure to comply with the Bankruptcy Code's disclosure duty is 'inadvertent' only when a party either lacks knowledge of the undisclosed claim or has no motive for concealment." *Barger*, 348 F.3d at 1295; *see also Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir.2010) (same); *DeLeon v. Comcar Indus.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (same); *Burnes*, 291 F.3d at 1287 (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir.1999)) (same). Cain filed his bankruptcy petition only three weeks after filing this lawsuit against Hyundai seeking $4,000,000.00 in compensatory and punitive damages, so there can be no question that he knew about the lawsuit when he failed to disclose it to the bankruptcy court.

In addition, a motive existed for Cain to conceal his claim from the bankruptcy court. Cain obviously had some expectation of recovery against Hyundai because he sought $4,000,000.00 in compensatory and punitive damages in his lawsuit. *Cf. Robinson*, 595 F.3d at 1276 ("Robinson obviously had some expectation of monetary recovery, as she sought compensatory, punitive and liquidated damages in her lawsuit. The questions

regarding repayment coupled with the chance of monetary gain convinced the district court that Robinson had a motive to conceal her claims."). By omitting the claims against Hyundai from his bankruptcy petition, schedules, and Statement of Financial Affairs, Cain could keep any proceeds for himself and not have to use them to repay his debts. Thus, Cain's knowledge of his claims against Hyundai and the existence of a motive to conceal them are sufficient evidence from which to infer intentional manipulation of the judicial process. *Cf. DeLeon*, 321 F.3d at 1291-1292 ("[A] financial motive to secret assets exists under Chapter 13 . . . because the hiding of assets affects the amount to be discounted and repaid. . . . . Because [the plaintiff] certainly knew about his claim and possessed a motive to conceal it . . ., we can infer from the record his intent to make a mockery of the judicial system." (citations and internal quotations omitted)); *Barger*, 348 F.3d at 1296 ("Omitting the discrimination claims from the schedule of assets appeared to benefit [the plaintiff] because, by omitting the claims, she could keep any proceeds for herself and not have them become part of the bankruptcy estate. Thus, [the plaintiff's] knowledge of her discrimination claims and motive to conceal them are sufficient evidence from which to infer her intentional manipulation.").

In spite of Cain's knowledge of his claims against Hyundai at the time he failed to disclose them, and in spite of the existence of a motive to conceal the claims, Cain insists that his failure to disclose this lawsuit to the bankruptcy court was simply a mistake. Under the circumstances, his protestations of inadvertence, standing alone, are not sufficient to

overcome the application of judicial estoppel. While "the doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence," *Burnes*, 291 F.3d at 1286, the Eleventh Circuit has never held that mere protestations of inadvertence, without more, were sufficient to avoid judicial estoppel when deliberate or intentional manipulation can be inferred from the record and the totality of the circumstances. *See*, *e.g.*, *Burnes*, 291 F.3d at 1286-88 (claim of "inadvertent error" was not sufficient to overcome judicial estoppel where "the record . . . contain[ed] sufficient evidence from which to infer intentional manipulation"); *DeLeon*, 321 F.3d at 1291-92 (plaintiff's claims of inadvertence were not sufficient to overcome the application of judicial estoppel where the evidence did not support that claim); *Barger*, 348 F.3d at 1295 (judicial estoppel applied where facts did not support plaintiff's claim that she did not "engage in any intentional manipulation"). Cain and his attorney contend that he was never asked to disclose the lawsuit as an asset in the bankruptcy case, but the Statement of Financial Affairs is hard evidence that he *was* specifically asked whether he was currently a party to, or had been a party to, any "suits and administrative proceedings . . . within **one year** immediately preceding the filing of this bankruptcy case." *In re Cain*, Case No. 11-31016, Doc. 1 p. 26 (emphasis in original). He swore under oath that he was not. *Id*. pp. 26, 32.

The court is aware of the need to be cautious in applying the doctrine of judicial estoppel " ' " because of the harsh results attendant with precluding a party from asserting a position that would normally be available to the party." ' " *Snowden v. Fred's Stores of*

*Tenn., Inc.*, 419 F. Supp. 1367, 1370 (M.D. Ala. 2006) (Thompson, J.) (quoting *Sumner v. Michelin N. Am.*, 966 F. Supp. 1567, 1578 (M.D. Ala.1997) (quoting in turn *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir.1996))). However, in this case, the evidence does not substantiate Cain's contention that his failure to disclose was a mistake devoid of any improper intent. It was not until *after* Hyundai discovered the non-disclosure and brought it to this court's attention that Cain reopened his bankruptcy case to declare this lawsuit as a potential asset. Cain's belated amendment to his bankruptcy petition does not support his claim of inadvertence and cannot save him from the application of judicial estoppel. *See DeLeon*, 348 F.3d at 1291 (rejecting a plaintiff's argument that "his effort to reopen his bankruptcy estate is evidence that his omission [was] inadvertent). "The success of our bankruptcy laws requires a debtor's full honest disclosure." *DeLeon*, 321 F.3d at 1292 (quoting *Burnes*, 291 F.3d at 1288). Allowing Cain to avoid the application of judicial estoppel because he "back[ed]-up, re-open[ed] the bankruptcy case, and amend[ed] his bankruptcy filings, only after his omission ha[d] been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." *Id*. (quoting *Burnes*, 291 F.3d at 1288). Such a result would undermine the purpose of judicial estoppel, which is "to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." *Robinson*, 595 F.3d at 1273 (citation omitted).

Cain also argues that judicial estoppel should not bar his claims because he filed the

lawsuit against HMMA *prior* to filing his bankruptcy petition, and judicial estoppel generally applies where "inconsistent positions were made under oath in a prior proceeding." *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1271 (11th Cir. 2004). Cain's argument is without merit. In at least three cases, the Eleventh Circuit has held that judicial estoppel barred employment discrimination claims where the plaintiff first pursued those claims in judicial or administrative proceedings and then filed documents with the bankruptcy court under oath averring that the employment claims did not exist. *See Barger*, 348 F.3d 1289 (plaintiff filed an employment-discrimination lawsuit, then filed for bankruptcy, in which he failed to disclose his lawsuit); *DeLeon v. Comcar Indus.*, 321 F.3d 1289 (plaintiff filed an EEOC complaint and then filed for, and obtained, Chapter 13 bankruptcy protection, in which he failed to disclose his employment claims); *Burnes*, 291 F.3d at 1284 (plaintiff filed a Chapter 13 bankruptcy petition, then filed a lawsuit, then requested that his Chapter 13 petition be converted to a Chapter 7 petition and filed documents under oath stating he had no pending lawsuits or unliquidated claims). If anything, as Judge Thompson noted in *Snowden*, 419 F. Supp. at 1371-72, the case for the application of judicial estoppel is *stronger* where the plaintiff already affirmatively represented to one court that he in fact had a claim by filing a lawsuit *before* he filed documents under oath in the bankruptcy court stating that he did not have a claim. In such cases, the statement to the bankruptcy court is clearly false at the time it is made. *Id*.

Relying on *Parker*, Cain also argues that judicial estoppel does not apply because, he

contends, once he filed his bankruptcy petition, his lawsuit became the property of the bankruptcy estate and any misrepresentation on his part cannot be held against the estate or its trustee. Cain has misread *Parker*. In *Parker*, the Eleventh Circuit held that the *trustee* of a Chapter 7 bankruptcy estate was not estopped from pursuing the debtor's discrimination lawsuit, even though the debtor initially failed to disclose the lawsuit to the bankruptcy court. Judicial estoppel did not apply in *Parker* because the pre-petition lawsuit was the property of the Chapter 7 bankruptcy estate, and the trustee "never abandoned [the debtor's] discrimination claim and he never took an inconsistent position under oath with regard to this claim." *Id*. at 1272. In contrast, this case is not being pursued by an innocent trustee but by Cain, who *has* taken inconsistent positions under oath with regard to his claim. Moreover, Cain's bankruptcy case was filed under Chapter 13, not Chapter 7. *See Snowden,* 419 F. Supp. at 1371 n.6 (explaining the inapplicability of *Parker* to Chapter 13 bankruptcy cases).

Because Cain is judicially estopped from pursuing his claims against Hyundai, the motion for summary judgment (Doc. 16) is due to be granted.

A separate final judgment will be entered.

Done this 6th day of April, 2012.

                                        /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE